Lance Alan WEEKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–93–01836–CR.

Court of Appeals of Texas,
Dallas.

Nov. 18, 1994.

Sharon L. Mansfield, Dallas, for appellant.

J. Brian Clayton, McKinney, for appellee.

Before KINKEADE, MALONEY, and
BARBER, JJ.

## OPINION

MALONEY, Justice.

The jury convicted Lance Alan Weeks of delivery of marihuana. The trial court found the second paragraph true and assessed a fifteen year sentence. In a single point of error, appellant asserts he received ineffective assistance of counsel. We affirm the trial court's judgment.

## · BACKGROUND

The grand jury indicted appellant for delivery of marihuana. The indictment contained two enhancement paragraphs. He pleaded not guilty to the indictment. A jury found appellant guilty as charged. After the guilty verdict, appellant and the State entered into an agreement on punishment. Appellant agreed to enter a plea of true to one enhancement paragraph in exchange for the State's recommending the trial court assess a fifteen year sentence. The trial court followed the State's recommendation on punishment.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole point of error, appellant argues he received ineffective assistance. Specifically, he contends his trial counsel's not objecting to the admission of extraneous offenses affected the trial's outcome.

### 1. Standard of Review

■ We examine ineffective assistance of counsel by the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by Texas in *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App.1986). To prevail on an ineffective assistance of counsel claim, appellant must first establish that his counsel's representation fell below an objective standard of reasonableness. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994); *Hernandez*, 726 S.W.2d at 55. Appellant must then show a reasonable probability exists

that a different outcome would have resulted but for his trial counsel's professional errors. *Jackson*, 877 S.W.2d at 771; *Hernandez*, 726 S.W.2d at 55.

■ Appellant must prove ineffective assistance of counsel by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App.1985). The record must support a claim of ineffective assistance. *See Johnson v. State*, 691 S.W.2d 619, 627 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 152 (1985).

■ We do not judge counsel's trial decisions in hindsight. *See Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 113 S.Ct. 245, 121 L.Ed.2d 178 (1992) (stressing need to avoid "distorting effects of hindsight"). We strongly presume counsel's competence. Appellant can rebut this presumption by showing his attorney's representation was unreasonable under prevailing professional norms, and the challenged action was not sound trial strategy. *Jackson*, 877 S.W.2d at 771; *see Miniel*, 831 S.W.2d at 323.

■ We do not inquire into trial strategy unless no possible basis exists in strategy or tactics for trial counsel's actions. *Johnson v. State*, 614 S.W.2d 148, 152 (Tex.Crim.App. [Panel Op.] 1981). An appellant must establish that his trial counsel's acts or omissions were outside the range of professional competence. *Jackson*, 877 S.W.2d at 771; *Ross v. State*, 802 S.W.2d 308, 312 (Tex.App.— Dallas 1990, no pet.). That another attorney, including appellant's appellate counsel, might have pursued a different course of action does not necessarily indicate ineffective assistance. *See Hawkins v. State*, 660 S.W.2d 65, 75 (Tex.Crim.App.1983).

■ When the record contains no evidence of the reasoning behind trial counsel's action, we cannot conclude that counsel's performance was deficient. *See Jackson*, 877 S.W.2d at 772.[1] A silent record does not

---

1. Justice Baird in his concurring opinion reasoned that direct appeal was an inappropriate vehicle to address ineffective assistance of counsel. Justice Baird opined:

> As a general rule, one should *not* raise an issue of ineffective assistance of counsel on direct appeal. This is because a trial record is gener-

require an appellate court to speculate on the reason for trial counsel's decisions. *Id.* at 771. Our speculation on the reasons for trial counsel's actions are "not material." *Id.* However, when a "cold record" clearly confirms that no reasonable trial counsel could have made such trial decisions, to hold counsel ineffective is not speculation. *See, e.g., Vasquez v. State,* 830 S.W.2d 948, 950–51 (Tex.Crim.App.1992) (per curiam).

### 2. Applicable Law

"An accused may only be tried for the offense with which he is charged and not for being a criminal generally." *Etheridge v. State,* No. 71,179, slip op. at 11, —— S.W.2d ——, 1994 WL 273325 (Tex.Crim.App. June 22, 1994); *see* Tex.R.Crim.Evid. 404(b). However, evidence of "other crimes, wrongs, or acts" may be admissible for other purposes. Tex.R.Crim.Evid. 404(b).

### 3. Application of Law to Facts

■ Appellant complains his trial counsel did not object to the following testimony:

[Prosecutor]: How is it that you were led or had information on or just how is it that Lance Weeks came to mind?

[Informant]: He sold to me previously.

[Prosecutor]: All right. What kind of quantity had he sold to you personally previously?

[Informant]: About quarter, half ounce.

[Prosecutor]: About the same size as we're dealing with today?

[Informant]: Yes, sir.

Appellant relies on *Novak v. State,* 837 S.W.2d 681, 683 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd), and *Doles v. State,* 786 S.W.2d 741, 746 (Tex.App.—Tyler 1989, no pet.), to show no "reasonable trial strategy for not objecting" exists. Appellant misplaces his reliance. Both *Novak* and *Doles* are distinguishable.

In *Novak,* the hearing on the motion for new trial showed trial counsel's rationale for allowing extraneous offenses into evidence. *Novak,* 837 S.W.2d at 683. The appellate court concluded the proffered explanation was insufficient to show reasonable trial strategy. *Novak,* 837 S.W.2d at 684.

In *Doles,* Doles's trial counsel repeatedly did not "make proper objections to the deluge of evidence of extraneous offenses committed by the appellant against his stepchildren, other than the victim...." *Doles,* 786 S.W.2d at 746. In addition to not objecting to inadmissible extraneous offenses, the *Doles* court found trial counsel's performance deficient in several other respects. *Doles,* 786 S.W.2d at 746.

Furthermore, the *Doles* court placed no burden on Doles. *See Doles,* 786 S.W.2d at 745–46. *Jackson* now requires the appellant to rebut the strong presumption that trial counsel's conduct was within reasonable professional assistance and sound trial strategy. *Jackson,* 877 S.W.2d at 771.

The "cold record" before us does not clearly confirm that any reasonable trial counsel would have objected to the admission of this extraneous offense. Appellant could have rebutted the "effectiveness presumption" with a record containing competent evidence of trial counsel's reasoning (or lack thereof). This record contains no evidence of trial counsel's rationale in not objecting to the admission of the extraneous offenses. Because we have no evidence of trial counsel's rationale, we are unable to analyze its sufficiency. *Jackson* prohibits our speculating on whether we could justify trial counsel's actions. Although rule 404(b) may make the testimony inadmissible, we cannot conclude that allowing its admission fell outside reasonable trial strategy.

Nor does this record show a "deluge of extraneous offenses." Appellant offered no

---

ally insufficient to address claims of ineffective assistance of counsel....

A trial record is directed to the issues of guilt/innocence and punishment. And we review that record with an eye toward the errors allegedly committed in relation to those issues. However, in order to effectively argue an issue of ineffective assistance of counsel, a record

focused on the conduct of trial or appellate counsel should be developed. Such a record is generally best developed in the context of a hearing held in relation to an application for writ of habeas corpus.

*Jackson,* 877 S.W.2d at 772 (Baird, J. concurring) (footnotes omitted).

evidence that trial counsel's actions were professionally unreasonable—the first prong of the *Strickland* test. We overrule appellant's point of error.

We affirm the trial court's judgment.