NO. 12-00-00271-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JAMIE LEE BLEDSOE,
§
 APPEAL FROM THE 273RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SHELBY COUNTY, TEXAS

 

MEMORANDUM OPINION (1)


 Jamie Lee Bledsoe ("Appellant") appeals his conviction for the offense of Escape
(Enhanced). A jury found Appellant guilty and set his punishment at fifteen years of imprisonment. 
We affirm.

 On December 4, 2000, counsel on appeal filed a brief in which he states that the appeal is
frivolous. Counsel documents that a copy of the brief and record was mailed to Appellant and that
Appellant has been informed that he has a right to review the record and file a pro se brief. 
Appellant states in his pro se brief that he did not receive counsel's brief or the record. Our records
indicate that counsel's brief, the clerk's record, and the reporter's record were forwarded by certified
mail to Appellant by his attorney and the trial court. However, by his own admission, he has filed
a brief which is not based on the record. Therefore, we will not consider his pro se brief since it is
not based on the clerk's or reporter's records.

 Appellant's counsel, in compliance with Anders v. California, 386 U.S. 738, 187 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), states
that he has diligently reviewed the appellate record, and is of the opinion that the record reflects no
reversible error. In compliance with Anders and High, Appellant's brief discusses the procedural
format of the trial and points out where pertinent testimony is found in the record. However, counsel
raises the issue of ineffective assistance of trial counsel as an arguable ground that might support an
appeal.

 Appellant was indicted for escape after being arrested in a stakeout of an aborted burglary. 
On the evening in question, a store had been burglarized and the money box abandoned in a trash
dumpster. The police found the money box, retrieved the money, and replaced the box in the
dumpster. An officer was watching the scene and observed Appellant approach the dumpster and
retrieve the box. According to Appellant, his truck had broken down just past the store, and he was
walking to the phone when he saw the box in the trash and went to check it out. When confronted
by the police officer, Appellant ran into the woods. He was apprehended but managed to get away
from the officer. Later, several officers found him hiding by a fence in a yard. He denied being
involved in the burglary and said he ran because he did not know the man was a police officer.

 Appellant posted bond and pleaded not guilty to the offense of escape. After jury selection,
he did not appear on the day of his trial. He explained that his truck broke down again. Upon
capture, the trial court sentenced Appellant and this appeal followed. 

 Counsel for Appellant lists nine areas of possible ineffective representation in his brief. We
will review them under the standard enunciated by the Supreme Court in Strickland v. Washington,
466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). 

 The Sixth and Fourteenth Amendments to the Constitution guarantee effective assistance of
counsel to defendants in criminal cases. U.S. Const. amends. VI, XIV. In Strickland, the United
States Supreme Court set forth the test applied at the guilt/innocence phase of a trial to determine
whether a defendant received effective assistance of counsel:


 
1. The Appellant must show that his counsel's representation did not constitute reasonably
effective assistance, that is, that his attorney's representation did not conform to an objective
standard of reasonableness under prevailing professional norms. Id. at 687.


 2. Appellant must also show that there was a reasonable probability that, but for his counsel's
unprofessional errors, the result of the proceeding would have been different. Id. at 694.



While a defendant is entitled to effective counsel, he is not entitled to errorless counsel. Ingham v.
State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). "Counsel is strongly presumed to have
rendered adequate assistance and made all significant decisions in the exercise of reasonable
professional judgment." Strickland, 466 U.S. at 690. An appellant can rebut this presumption by
showing his attorney's representation was unreasonable under prevailing professional norms, and
the challenged action was not sound trial strategy. Jackson v. State, 877 S.W.2d 768, 770-71 (Tex.
Crim. App. 1994). The accused has the burden to prove the ineffective assistance. Id. "A claim of
ineffective assistance of counsel must be determined upon the particular circumstances and facts of
each individual case." Johnson v. State, 691 S.W.2d 619, 626 (Tex. Crim. App. 1984). A finding
of ineffectiveness must be based on a totality of the representation, and not on isolated errors or
omissions. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). "When the record
contains no evidence of the reasoning behind trial counsel's action, we cannot conclude that
counsel's performance was deficient." Weeks v. State, 894 S.W.2d 390, 391 (Tex. App.-Dallas
1994, no pet.). 

 We have reviewed the record with counsel's list in mind and concur that the record does not
support an argument for ineffective assistance of counsel. This is especially true since Appellant
voluntarily did not appear for his trial. We hold there is no reversible error.

 The judgment of the trial court is affirmed.




Opinion delivered May 8, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.








(DO NOT PUBLISH)
1. See Tex. R. App. P. 47.1.