Affirmed and Opinion filed October 31, 2002
















Affirmed and
Opinion filed October 31, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NOS. 14-01-01049-CR and

   14-01-01050-CR

_______________

 

MICHAEL
DEWAYNE RANDALL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_______________________________________________________

 

On Appeal from 262nd District Court

Harris County, Texas

Trial Court Cause No. 884,015 and
884,014

_______________________________________________________

 

O P I N I O N

            Michael Dewayne Randall was
convicted by a jury of two counts of aggravated sexual assault of a child.  Appellant contends he was denied effective
assistance of counsel.  We affirm.




 








I.  Factual Background

            The State presented evidence that
appellant sexually assaulted C.R., his step-son.  C.R. was between three and six years old when
the first assault occurred.  He was eight
years old at the time of trial. 
According to testimony, one of the incidents occurred in the presence of
C.R.’s younger sisters, M.R. and D.R.  D.R. testified, without objection, that
appellant watched a sexually explicit video with her.  D.R. also testified that she and her siblings
watched appellant having sex with their mother. 
Appellant contends that his trial counsel was ineffective by allowing
extraneous act testimony without objection. 
Appellant points to numerous places in the record
where trial counsel failed to object to hearsay testimony.  For example, the entire medical record of
C.R., completed at the Children’s Assessment Center, was
introduced into evidence without objection. 
The court allowed the physician who wrote the medical record to read
portions of it to the jury.  Lastly
appellant contends that improper opinion testimony was elicited from Diane Devroe, C.R.’s grandmother.  She testified that C.R.’s
stools appeared large for a child. 
Appellant argues that by failing to object where the State offered
evidence of extraneous acts, hearsay testimony, and improper opinion evidence,
his counsel was ineffective, resulting in his conviction.  

II. 
Standard of Review

            The right to counsel at trial
guaranteed by the United States and Texas
constitutions means reasonably effective counsel.  See Strickland v. Washington, 466 U.S. 668, 686
(1984).  Claims of ineffective assistance
of counsel are governed by the two-part test established in Strickland. 
Id.; see also Hernandez v. State, 988 S.W.2d
770, 770 (Tex. Crim. App. 1999).  First, a defendant must show that counsel’s
performance was deficient.  McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996).  This requires a demonstration that counsel’s
performance fell below an objective standard of reasonableness. Id.  Second, Strickland requires a defendant to
affirmatively prove counsel’s inadequate performance prejudiced his
defense.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994).  Prejudice is established by showing there is
a reasonable probability that, but for counsel’s unprofessional errors, the
result of the proceeding would have been different.  Id.  

III. 
Discussion

            Before we reach the issue of
counsel’s deficient performance, we first determine whether the record is
adequate to evaluate counsel’s performance. 
Perez v. State, 56 S.W.3d 727, 731 (Tex. App.—Houston [14th
Dist.] 2001, pet. ref’d) citing Stone v. State, 17 S.W.3d 348, 350 (Tex. App.—Corpus Christi 2000,
pet. ref’d). 
Any allegation of ineffective assistance must be firmly founded in the
record and the record must affirmatively demonstrate the alleged
ineffectiveness.  Thompson v. State, 9 S.W.3d at 814 (Tex. Crim. App.1999).  In most cases, if the record is silent
regarding the reason for counsel’s actions, the appellant will not overcome the
strong presumption of reasonable assistance. 
Id. at 813–14. 
Thus, to successfully demonstrate counsel’s ineffectiveness, an
appellant must generally present evidence, usually through a motion for new
trial or a habeas corpus proceeding, illustrating trial counsel’s strategy.  Id.; see also Kemp v. State, 892 S.W.2d 112,
115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).  

            Here, appellant did not file a
motion for new trial, therefore, the record is silent
regarding counsel’s strategy.  “Under our
system of justice, the criminal defendant is entitled to an opportunity to
explain himself and present evidence on his behalf.  His counsel should ordinarily be accorded an
opportunity to explain her actions before being condemned as unprofessional and
incompetent.”  Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).  We
do not review counsel’s trial decisions in hindsight and we strongly presume
counsel’s competence.  Weeks v. State, 894 S.W.2d 390, 391
(Tex. App.—Dallas 1994, no pet.). 
The record is silent as to why appellant’s counsel failed to object to
extraneous acts, hearsay testimony, and improper opinion testimony.  Therefore, appellant has failed to rebut the
presumption that trial counsel’s actions resulted from a reasonable decision.  Perez at 732.  Because
we cannot presume that counsel’s performance fell below an objective standard
of reasonableness, we hold that counsel’s allegedly improper actions do not
amount to an error sufficiently egregious to satisfy the first prong of Strickland.  Id.    

            Even if the first prong of Strickland had been met, appellant has
also failed to demonstrate that, but for trial counsel’s alleged errors, there
is reasonable probability that the result would have been different.  C.R. testified appellant put his penis in C.R.’s anus on two different occasions.  D.R. testified that she observed appellant
putting his penis in C.R.’s anus.  There was medical evidence that C.R. had
penetrating trauma to his anus consistent with his being penetrated by a penis
on two or more occasions.  We conclude
that the evidence described above is sufficient to sustain the trial court’s
judgment.  Therefore, appellant has
failed to show a reasonable probability that, but for trial counsel’s errors,
the jury’s verdict would have been different. 


            Appellant’s first point of error is
overruled, and the judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Opinion filed October
 31, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do
Not Publish — Tex. R. App.
P. 47.3(b).