COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-179-CV

 
IN 
THE MATTER OF R.N., A MINOR CHILD

 
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. 
Introduction
        Appellant 
R.N. appeals from the trial court’s modified disposition order committing him 
to the Texas Youth Commission for an indeterminate period not to exceed his 
twenty-first birthday. In a single issue, R.N. argues that his trial counsel 
provided ineffective assistance during the hearing on the State’s fourth 
amended motion to modify disposition by failing to raise a crucial due process 
objection.
II. 
Factual and Procedural Background
        The 
trial court adjudicated R.N. delinquent based on the commission of a felony, 
aggravated assault with bodily injury. See Tex. Penal Code Ann. § 22.02 (Vernon 
Supp. 2004); Tex. Fam. Code Ann. 
§ 54.03 (Vernon Supp. 2004). Following a disposition hearing, the trial court 
placed R.N. on probation until his eighteenth birthday. See Tex. Fam. Code Ann. § 54.04. 
Subsequently, the State filed a motion to modify disposition and a second motion 
to modify disposition, alleging that R.N. tested positive for drug use and 
committed curfew violations in contravention of the terms of his probation. In 
both instances, R.N. waived a hearing on the State’s motion to modify 
disposition and consented to placement in the Tarrant County Post-Adjudication 
Program, subject to the conditions of the original probation order.
        A 
few months later, the State filed a third motion to modify disposition, 
requesting that R.N. be ordered into the custody of the Texas Youth Commission 
because he tested positive for marijuana, cocaine, and amphetamines. R.N. again 
waived a hearing on the State’s motion. The trial court indicated that it 
would withhold its ruling on the State’s motion for ninety days but sent R.N. 
to Tarrant Youth Recovery Clinic Residential for completion of a drug treatment 
program. The trial court noted on the docket that R.N. was “ordered into TYRC.” 
The terms of R.N.’s probation were modified to include the requirement that he 
“successfully complete the TYRC Residential,” and R.N. received a copy of 
the modified probation conditions.
        R.N. 
successfully completed the residential portion of the drug treatment program, 
was discharged from that program, and was admitted into the day treatment unit. 
The trial court then ruled on the State’s pending motion to modify 
disposition, denying it and entering a final judgment continuing R.N.’s 
probation. Approximately one month later, R.N. was discharged unsuccessfully 
from the day treatment program because he failed to comply with the dress code 
and acted defiantly toward the staff.
        Thereafter, 
the State filed a fourth motion to modify disposition and an amended motion to 
modify disposition, alleging that R.N.’s probation should be revoked and that 
he should be ordered committed to the Texas Youth Commission because he tested 
positive for marijuana and amphetamines, failed to successfully complete the day 
treatment program, and possessed a butterfly knife. At the hearing on the 
State’s motion, R.N. stipulated that he failed to complete the day treatment 
program. The trial court found that R.N. violated the reasonable and lawful 
terms and conditions of his probation and ordered him committed to the Texas 
Youth Commission.
III. 
Standard of Review
        A 
juvenile is entitled to effective assistance of counsel in adjudication and 
disposition proceedings. See In re R.D.B., 102 S.W.3d 798, 800 (Tex. 
App.—Fort Worth 2003, no pet.). We review the effectiveness of counsel's 
representation in a juvenile proceeding under the familiar two-prong Strickland 
v. Washington standard. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must 
show that his counsel's performance was deficient; second, appellant must show 
the deficient performance prejudiced the defense. Strickland, 466 U.S. at 
687, 104 S. Ct. at 2064.
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each case. Thompson, 
9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under 
all the circumstances and prevailing professional norms at the time of the 
alleged error. Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065. 
“[C]ounsel is strongly presumed to have rendered adequate assistance and made 
all significant decisions in the exercise of reasonable professional 
judgment.” Id. at 690, 104 S. Ct. at 2066. An allegation of ineffective 
assistance must be firmly founded in the record, and the record must 
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d 
at 814. Our scrutiny of counsel's performance must be highly deferential, and 
every effort must be made to eliminate the distorting effects of hindsight. Strickland, 
466 U.S. at 689, 104 S. Ct. at 2065.
        The 
second prong of Strickland requires a showing that counsel's errors were 
so serious that they deprived the defendant of a fair trial, that is, a trial 
whose result is reliable. Id. at 687, 104 S. Ct. at 2064. In other words, 
appellant must show there is a reasonable probability that, but for counsel's 
unprofessional errors, the result of the proceeding would have been different. Id. 
at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient 
to undermine confidence in the outcome. Id. The ultimate focus of our 
inquiry must be on the fundamental fairness of the proceeding whose result is 
being challenged. Id. at 697, 104 S. Ct. at 2070.
IV. 
Ineffective Assistance of Counsel
        In 
his sole issue, R.N. argues that his trial counsel provided ineffective 
assistance of counsel at the hearing on the State’s fourth amended motion to 
modify disposition. After the State filed its third motion to modify 
disposition, R.N. signed a form modifying the terms of his probation to require 
him to successfully complete the TYRC residential program. Above R.N.’s 
signature on the form listing the modified probation terms the document states, 
“I have received and understand these terms and conditions of my probation.” 
The trial court did not sign the agreed modification to the probation terms, 
however, until after R.N. was unsuccessfully discharged from the facility’s 
day treatment program. Thus, R.N. contends that no trial court order existed 
giving him notice of the day treatment program and alternatively, to the extent 
completing the day treatment program was a condition, the trial court gave him 
no notice of it. He contends that this lack of notice violated his due process 
rights. R.N. argues that his trial counsel should have raised a due process 
objection challenging the lack of an order signed by the trial court giving him 
notice that he was required to complete any treatment program and challenging 
the lack of notice concerning the day treatment program. He contends that the 
failure to assert such an objection rendered his counsel ineffective.
        The 
State contends that R.N. possessed adequate notice; that the trial court’s 
docket notation that R.N. was “ordered into TYRC” establishes the 
requirement that R.N. complete the entire program, not just the residential 
portion; that the probation condition requiring R.N. to successfully complete 
the TYRC residential necessarily implies the requirement that R.N. complete the 
day treatment program; and that, in any event, R.N. has failed to meet his 
burden to establish ineffective assistance of counsel. Accord Figgins v. 
State, 528 S.W.2d 261, 262 (Tex. Crim. App. 1975) (construing condition 
requiring appellant to “voluntarily commit” himself to drug center as also 
requiring appellant to take part in programs offered by center).
        At 
the hearing on the State’s fourth amended motion to modify disposition, R.N. 
signed a written stipulation of evidence that provides, “Respondent stipulates 
to p. 2 of Motion to Modify Disposition filed 4/22/03.” Page 2 of the 
State’s April 22, 2003 motion to modify disposition provides in paragraph two 
that “[R.N.] violated terms and conditions of probation when he failed to 
successfully complete Tarrant Youth Recovery day treatment program.” 
Additionally, at the hearing, the State verbally recited evidence particular 
witnesses would give if called, and R.N. confirmed his stipulation to this 
evidence. R.N. told the trial court that the stipulated evidence recited by the 
prosecutor was true.
        Thus, 
R.N. stipulated that he had violated his probation by failing to complete the 
day treatment program, undermining his claim that he received inadequate notice 
of, or misunderstood, this alleged probation condition. More importantly, the 
record before us is silent concerning counsel’s reasons for not making the due 
process objection that R.N. claims his counsel should have made. A silent record 
does not require an appellate court to speculate on the reason for counsel’s 
decisions. Weeks v. State, 894 S.W.2d 390, 391-92 (Tex. App.—Dallas 
1994, no pet.); see also Jackson v. State, 973 S.W.2d 954, 955 (Tex. 
Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial 
counsel provided ineffective assistance). The record before us does not 
establish whether the TYRC day treatment program is a required step in the 
successful completion of the TYRC residential program, or whether the two 
programs are totally separate. In the absence of this type of evidence, we 
cannot conclude that counsel’s performance in not raising a due process notice 
objection fell below objective standards of reasonableness. We hold that R.N. 
has not met the first prong of Strickland because the record does not 
contain evidence rebutting the presumption that counsel was effective. See 
Weeks, 894 S.W.2d at 391 (holding that when record contains no evidence of 
reasoning behind counsel’s actions, we cannot conclude counsel’s performance 
was deficient). We overrule R.N.’s sole issue.
V. 
Conclusion
        Having 
overruled R.N.’s sole issue, we affirm the trial court’s judgment.
  
                                                          SUE 
WALKER
                                                          JUSTICE

 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DELIVERED: 
February 26, 2004
 

NOTES
1. 
See Tex. R. App. P. 47.4.