In the Matter of R.N., A Minor Child

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-179-CV

IN THE MATTER OF R.N., A MINOR CHILD 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant R.N. appeals from the trial court’s modified disposition order committing him to the Texas Youth Commission for an indeterminate period not to exceed his twenty-first birthday.  In a single issue, R.N. argues that his trial counsel provided ineffective assistance during the hearing on the State’s fourth amended motion to modify disposition by failing to raise a crucial due process objection.

II.  Factual and Procedural Background

The trial court adjudicated R.N. delinquent based on the commission of a felony, aggravated assault with bodily injury.  
See
 
Tex. Penal Code Ann.
 § 22.02 (Vernon Supp. 2004); 
Tex. Fam. Code Ann.
 § 54.03 (Vernon Supp. 2004).  Following a disposition hearing, the trial court placed R.N. on probation until his eighteenth birthday.  
See
 
Tex. Fam. Code Ann.
 § 54.04.  Subsequently, the State filed a motion to modify disposition and a second motion to modify disposition, alleging that R.N. tested positive for drug use and committed curfew violations in contravention of the terms of his probation.  In both instances, R.N. waived a hearing on the State’s motion to modify disposition and consented to placement in the Tarrant County Post-Adjudication Program, subject to the conditions of the original probation order.

A few months later, the State filed a third motion to modify disposition, requesting that R.N. be ordered into the custody of the Texas Youth Commission because he tested positive for marijuana, cocaine, and amphetamines.  R.N. again waived a hearing on the State’s motion.  The trial court indicated that it would withhold its ruling on the State’s motion for ninety days but sent R.N. to Tarrant Youth Recovery Clinic Residential for completion of a drug treatment program.  The trial court noted on the docket that R.N. was “ordered into TYRC.”  The terms of R.N.’s probation were modified to include the requirement that he “successfully complete the TYRC Residential,” and R.N. received a copy of the modified probation conditions.

R.N. successfully completed the residential portion of the drug treatment program, was discharged from that program, and was admitted into the day treatment unit.  The trial court then ruled on the State’s pending motion to modify disposition, denying it and entering a final judgment continuing R.N.’s probation.  Approximately one month later, R.N. was discharged unsuccessfully from the day treatment program because he failed to comply with the dress code and acted defiantly toward the staff.

Thereafter, the State filed a fourth motion to modify disposition and an amended motion to modify disposition, alleging that R.N.’s probation should be revoked and that he should be ordered committed to the Texas Youth Commission because he tested positive for marijuana and amphetamines, failed to successfully complete the day treatment program, and possessed a butterfly knife.  At the hearing on the State’s motion, R.N. stipulated that he failed to complete the day treatment program.  The trial court found that R.N. violated the reasonable and lawful terms and conditions of his probation and ordered him committed to the Texas Youth Commission. 

III.  Standard of Review

A juvenile is entitled to effective assistance of counsel in adjudication and disposition proceedings.  
See In re R.D.B.
, 102 S.W.3d 798, 800 (Tex. App.—Fort Worth 2003, no pet.).  We review the effectiveness of counsel's representation in a juvenile proceeding under the familiar two-prong 
Strickland v. Washington 
standard.  
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that his counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, that is, a trial whose result is reliable.  
Id.
 at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

IV.  Ineffective Assistance of Counsel

In his sole issue, R.N. argues that his trial counsel provided ineffective assistance of counsel at the hearing on the State’s fourth amended motion to modify disposition.  After the State filed its third motion to modify disposition, 
R.N. signed a form modifying the terms of his probation to require him to successfully complete the TYRC 
residential
 program.  Above R.N.’s signature on the form listing the modified probation terms the document states, “I have received and understand these terms and conditions of my probation.”  The trial court did not sign the agreed modification to the probation terms, however, until after R.N. was unsuccessfully discharged from the facility’s day treatment program.  Thus, R.N. contends that no trial court order existed giving him notice of the day treatment program and alternatively, to the extent completing the day treatment program was a condition, the trial court gave him no notice of it.  He contends that this lack of notice violated his due process rights.  R.N. argues that his trial counsel should have raised a due process objection challenging the lack of an order signed by the trial court giving him notice that he was required to complete any treatment program and challenging the lack of notice concerning the day treatment program.  He contends that the failure to assert such an objection rendered his counsel ineffective. 

The State contends that R.N. possessed adequate notice; that the trial court’s docket notation that R.N. was “ordered into TYRC” establishes the requirement that R.N. complete the entire program, not just the residential portion; that the probation condition requiring R.N. to successfully complete the TYRC residential 
necessarily implies the requirement that R.N. complete the day treatment program; and that, in any event, R.N. has failed to meet his burden to establish ineffective assistance of counsel.  
Accord Figgins v. State
, 528 S.W.2d 261, 262 (Tex. Crim. App. 1975) (construing condition requiring appellant to “voluntarily commit” himself to drug center as also requiring appellant to take part in programs offered by center).  

At the hearing on the State’s fourth amended motion to modify disposition, R.N. signed a written stipulation of evidence that provides, “Respondent stipulates to p. 2 of Motion to Modify Disposition filed 4/22/03.” Page 2 of the State’s April 22, 2003 motion to modify disposition provides in paragraph two that “[R.N.] violated terms and conditions of probation when he failed to successfully complete Tarrant Youth Recovery day treatment program.”  Additionally, at the hearing, the State verbally recited evidence particular witnesses would give if called, and R.N. confirmed his stipulation to this evidence.  R.N. told the trial court that the stipulated evidence recited by the prosecutor was true.

Thus, R.N. stipulated that he had violated his probation by failing to complete the day treatment program, undermining his claim that he received inadequate notice of, or misunderstood, this alleged probation condition.  
More importantly, the record before us is silent concerning counsel’s reasons for not making the due process objection that R.N. claims his counsel should have made.  A silent record does not require an appellate court to speculate on the reason for counsel’s decisions.  
Weeks v. State
, 894 S.W.2d 390, 391-92 (Tex. App.—Dallas 1994, no pet.); 
see also Jackson v. State
, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance).  The record before us does not establish whether the TYRC day treatment program is a required step in the successful completion of the TYRC residential program, or whether the two programs are totally separate.  In the absence of this type of evidence, we cannot conclude that counsel’s performance in not raising a due process notice objection fell below objective standards of reasonableness.  We hold that R.N. has not met the first prong of 
Strickland
 because the record does not contain evidence rebutting the presumption that counsel was effective.  
See Weeks, 
894 S.W.2d at 391 
(holding that when record contains no evidence of reasoning behind counsel’s actions, we cannot conclude counsel’s performance was deficient).  We overrule R.N.’s sole issue.

V.  Conclusion

Having overruled R.N.’s sole issue, we affirm the trial court’s judgment. 

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED: February 26, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.