WHERRY v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-154-CR

GREGORY ALLAN WHERRY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Gregory Allan Wherry appeals his conviction for aggravated robbery.  After finding Appellant guilty of aggravated robbery, the jury assessed his punishment at eighty-five years’ confinement and a $579 fine.  The trial court sentenced him accordingly.  In a single issue, Appellant asserts that he was denied the effective assistance of counsel.  We affirm. 

BACKGROUND

Appellant robbed a convenience store clerk.  During the course of the robbery, Appellant threatened the store clerk with a broken beer bottle and a razor blade.  Appellant obtained $579 from the cash register and fled the scene. Police officers later apprehended Appellant in an abandoned house in possession of $579 in cash.  The State introduced a videotape depicting the robbery at trial.

Following his conviction, Appellant filed a motion for new trial. Appellant’s attorney, Spencer Rowley, filed a motion to withdraw as counsel, which the trial court denied; however, the trial court appointed Thomas Allensworth to represent Appellant on appeal.

DISCUSSION

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Thompson
, 9 S.W.3d at 813).  When the appellate record contains no evidence of the reasoning behind trial counsel’s action, the reviewing court cannot conclude that counsel’s performance was deficient because such a determination would be based upon speculation.  
Weeks v. State
, 894 S.W.2d 390, 391 (Tex. App.—Dallas 1994, no pet.).

The second prong of 
Strickland
 requires a showing that counsel’s errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064.  In other words, the Appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

Appellant asserts that his trial counsel was ineffective because he advised Appellant to turn down the State’s plea offer of thirteen years’ confinement and to opt to go to trial instead because his trial counsel assured him that the videotape of the crime was not sufficiently clear to prove that Appellant was the person who in fact robbed the convenience store.  The State asserts that the record is not sufficiently developed to prove that trial counsel advised Appellant to reject the thirteen-year plea offer.

Appellant testified at the hearing on the motion for new trial.  He testified that he was offered a plea deal for thirteen years’ confinement.  He also testified that based on his conversations with his attorney, he was of the opinion that the tape did not show him as the person who conducted the armed robbery.  According to Appellant, after the jury was empaneled on the day of trial, he was informed that the videotape had been enhanced to show that he was in fact the assailant.  He testified that at the time he found out the videotape was enhanced, the State’s offer of thirteen years’ confinement was not still on the table.  He testified that had trial counsel informed him of the existence of the videotape showing him to be the perpetrator, he would have taken the plea deal.  He further testified that he did not have an explanation for why trial counsel did not know the contents of the videotape.

Trial counsel did not testify at the hearing on the motion for new trial in which Appellant asserted that his trial counsel was ineffective.  Thus, the record provides no explanation of the motivation behind counsel’s trial decisions.  
See Salinas
, 163 S.W.3d at 740.  Without an explanation of counsel’s motivations, a conclusion that trial counsel’s performance was deficient would be based upon speculation.  
See Weeks
, 894 S.W.2d at 391. Because the record is silent regarding any explanation for Appellant’s trial counsel’s actions, we conclude that Appellant has failed to overcome the strong presumption of reasonable representation.  
See Salinas
, 163 S.W.3d at 740.  Accordingly, we overrule Appellant’s sole issue.

CONCLUSION

Having overruled Appellant’s sole issue, we affirm the judgment of the trial court.

PER CURIAM

PANEL B:  HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 20, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.