COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-154-CR

 

 

GREGORY ALLAN WHERRY                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Gregory Allan
Wherry appeals his conviction for aggravated robbery.  After finding Appellant guilty of aggravated
robbery, the jury assessed his punishment at eighty-five years= confinement and a $579 fine. 
The trial court sentenced him accordingly.  In a single issue, Appellant asserts that he
was denied the effective assistance of counsel. 
We affirm. 








BACKGROUND

Appellant robbed a
convenience store clerk.  During the
course of the robbery, Appellant threatened the store clerk with a broken beer
bottle and a razor blade.  Appellant
obtained $579 from the cash register and fled the scene. Police officers later
apprehended Appellant in an abandoned house in possession of $579 in cash.  The State introduced a videotape depicting
the robbery at trial.

Following his conviction,
Appellant filed a motion for new trial. Appellant=s attorney, Spencer Rowley, filed a motion to withdraw as counsel,
which the trial court denied; however, the trial court appointed Thomas
Allensworth to represent Appellant on appeal.

DISCUSSION

To establish ineffective
assistance of counsel, appellant must show by a preponderance of the evidence
that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62-63
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).  













In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel's assistance was
reasonable under all the circumstances and prevailing professional norms at the
time of the alleged error.  See
Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel=s representation is highly deferential, and the reviewing court
indulges a strong presumption that counsel=s conduct fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813-14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Salinas, 163 S.W.3d at 740 (quoting Thompson,
9 S.W.3d at 813).  When the appellate
record contains no evidence of the reasoning behind trial counsel=s action, the reviewing court cannot conclude that counsel=s performance was deficient because such a determination would be
based upon speculation.  Weeks v.
State, 894 S.W.2d 390, 391 (Tex. App.CDallas 1994, no pet.).

The second prong of Strickland
requires a showing that counsel=s errors were so serious that they deprived the defendant of a fair
trial, i.e., a trial whose result is reliable. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  In other words, the Appellant must show there
is a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

Appellant asserts that his
trial counsel was ineffective because he advised Appellant to turn down the
State=s plea offer of thirteen years= confinement and to opt to go to trial instead because his trial
counsel assured him that the videotape of the crime was not sufficiently clear
to prove that Appellant was the person who in fact robbed the convenience
store.  The State asserts that the record
is not sufficiently developed to prove that trial counsel advised Appellant to
reject the thirteen-year plea offer.








Appellant testified at the
hearing on the motion for new trial.  He
testified that he was offered a plea deal for thirteen years= confinement.  He also testified
that based on his conversations with his attorney, he was of the opinion that
the tape did not show him as the person who conducted the armed robbery.  According to Appellant, after the jury was
empaneled on the day of trial, he was informed that the videotape had been
enhanced to show that he was in fact the assailant.  He testified that at the time he found out
the videotape was enhanced, the State=s offer of thirteen years= confinement was not still on the table.  He testified that had trial counsel informed
him of the existence of the videotape showing him to be the perpetrator, he
would have taken the plea deal.  He
further testified that he did not have an explanation for why trial counsel did
not know the contents of the videotape.

Trial counsel did not testify
at the hearing on the motion for new trial in which Appellant asserted that his
trial counsel was ineffective.  Thus, the
record provides no explanation of the motivation behind counsel=s trial decisions.  See
Salinas, 163 S.W.3d at 740.  Without
an explanation of counsel=s
motivations, a conclusion that trial counsel=s performance was deficient would be based upon speculation.  See Weeks, 894 S.W.2d at 391. Because
the record is silent regarding any explanation for Appellant=s trial counsel=s actions,
we conclude that Appellant has failed to overcome the strong presumption of
reasonable representation.  See
Salinas, 163 S.W.3d at 740. 
Accordingly, we overrule Appellant=s sole issue.








CONCLUSION

Having overruled Appellant=s sole issue, we affirm the judgment of the trial court.

PER CURIAM

 

PANEL
B:  HOLMAN, LIVINGSTON, and DAUPHINOT,
JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
April 20, 2006











[1]See Tex. R. App. P. 47.4.