**AFFIRM; Opinion Filed May 7, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00860-CR

### MICHAEL JAMES TELLO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 283rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F12-53795-T

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Moseley and Lagarde[1]
Opinion by Justice Lagarde

Appellant Michael James Tello pleaded guilty before the trial court to possession of heroin, a controlled substance, under one gram. Appellant also pleaded true to two enhancement paragraphs in the indictment alleging prior felony convictions for theft and burglary of a building. The trial court accepted his pleas of guilty and true, found him guilty, and assessed punishment at ten years' imprisonment. Appellant now appeals. We affirm the trial court's judgment.

---

[1] The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

Heroin is a controlled substance under Penalty Group 1. TEX. HEALTH & SAFETY CODE ANN. § 481.102(2) (West 2010). Possession of less than one gram of heroin is a state jail felony. *Id*., § 481.115(a), (b). A state jail felony is punishable by confinement in a state jail facility for any term of not more than two years or less than 180 days and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.35 (West 2011). Here, because the indictment was enhanced with two prior felony convictions, the range of punishment was elevated to that for a third-degree felony. *Id*., § 12.42(a)(1). A third-degree felony is punishable by imprisonment in the penitentiary for any term of not more than ten years or less than two years and a fine not to exceed $10,000. *Id*., § 12.34.

At the plea hearing, in addition to appellant's pleas of guilty and true, appellant's signed written judicial confession and stipulation of evidence was admitted into evidence without objection. In that document, appellant admitted both the primary offense and the prior convictions alleged in the enhancement paragraphs.

To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffectiveness claim. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

An ineffective assistance claim must be "firmly founded in the record," and the record must affirmatively demonstrate the claim has merit. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 391, 392 (Tex. Crim. App. 2005); *see also Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App.), *cert denied*, 131 S. Ct. 3073 (2011) ("Allegations of ineffectiveness must be based on the record, and the presumption of a sound trial strategy cannot be overcome absent evidence in the record of the attorney's reasons for his conduct."). In most cases, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Direct appeal is usually an inadequate vehicle for raising an ineffective assistance claim because the record is generally undeveloped. *Menefield*, 363 S.W.3d at 592–93. Counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Id*. at 593. "If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Id*. (quoting *Goodspeed*, 187 S.W.3d at 392).

In a single issue on appeal, appellant contends he received ineffective assistance of trial counsel because counsel should not have allowed appellant to (1) turn down a four-year plea offer and seek probation, (2) take the stand and deny having a drug problem, and (3) antagonize the fact-finder by trying to explain his possession of the drugs. Appellant asserts that but for counsel's unprofessional errors, he would not have received punishment that is two-and-a-half times what the State offered in its plea bargain offer.

The record is silent regarding trial counsel's reasons for the decisions he made. Appellant's claim of ineffective assistance is not firmly founded in the record before us. *See*

*Bone*, 77 S.W.3d at 834. No motion for new trial nor any other post-trial motion was filed alleging ineffective assistance of counsel. Consequently, trial counsel has never been given an opportunity to explain his trial strategy. *See Goodspeed*, 187 S.W.3d at 392. The undeveloped record before us does not affirmatively demonstrate ineffectiveness of counsel, thus it cannot overcome the presumption of effective assistance of counsel. *Thompson*, 9 S.W.3d at 815; *see also Weeks v. State*, 894 S.W.2d 390, 392–93 (Tex. App.—Dallas 1994, no pet.).

We conclude appellant has not met his burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson*, 9 S.W.3d at 813. We resolve appellant's sole issue against him.

We affirm the trial court's judgment.

/Sue Lagarde/
SUE LAGARDE
JUSTICE, ASSIGNED

Do Not Publish
TEX. R. APP. P. 47
120860F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

MICHAEL JAMES TELLO, Appellant

No. 05-12-00860-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-53795-T).
Opinion delivered by Justice Lagarde, Chief Justice Wright and Justice Moseley participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered May 7, 2013.

/Sue Lagarde/
SUE LAGARDE
JUSTICE, ASSIGNED