**AFFIRM; Opinion Filed June 27, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-21-00709-CR
_____

**ALEXANDRIA BILBREY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80928-2018**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Schenck

Alexandria Bilbrey appeals the trial court's order revoking her community

supervision. In a single issue appeal, appellant urges she received ineffective

assistance of counsel. We affirm. Because all issues are settled in law, we issue this

memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

In April 2018, appellant was charged by indictment with manslaughter and

failure to stop and render aid following an automobile accident involving death or

serious bodily injury. In 2019, pursuant to a plea agreement, appellant entered a plea

of guilty to aggravated assault causing serious bodily injury, was sentenced to a term

of imprisonment of ten years, which was suspended, and was placed on community supervision for six years. In August and October of 2020, the trial court amended the terms of appellant's community supervision to include participation in and successful completion of inpatient/outpatient substance abuse treatment, as well as participation in the Substance Abuse Felony Punishment Facility (SAFPF) Program Special Needs Unit.

In June 2021, the State moved to revoke appellant's community supervision, alleging she had violated five terms of her community supervision, including that she had failed to attend and successfully complete the SAFPF program. On August 4, 2021, the trial court conducted a hearing on the State's motion, at the beginning of which appellant entered a plea of true to the allegation that she was "unsuccessfully discharged from [SAFPF], but not true to the other allegations." At the conclusion of the hearing, the trial court found the State's allegations true, revoked appellant's community supervision, and sentenced appellant to six years' imprisonment.[1] This appeal followed.

---

[1] Appellant lodges no challenge to the length of her sentence, and we note that where community supervision is revoked, the judge may reduce the term of confinement originally assessed to any term of confinement not less than the minimum prescribed for the offense of which the defendant was convicted. *See* TEX. CODE CRIM. PRO. art. 42A.755(a)(2); *see also* TEX. PEN. CODE §§ 12.33 (second degree felony punishment range between two and twenty years); 22.02 (aggravated assault causing bodily injury).

## DISCUSSION

In her sole issue, appellant argues her plea of true to the allegation that she had failed to attend and successfully complete the SAFPF program was not voluntary because her trial counsel was ineffective. According to appellant, her trial counsel advised appellant to enter a plea of "true" to an allegation that was the subject of "an improperly modified probation order, since the trial court modified the conditions of appellant's probation without a hearing."

To obtain a reversal because of ineffective assistance, appellant must show: (1) that counsel's performance was so deficient that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Garza v. State*, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007).

There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Strickland*, 466 U.S. at 689). We do not judge trial counsel's performance with the benefit of hindsight. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992). Nor do we speculate on strategy in the absence of a record of the reasoning behind counsel's actions. *See Weeks v. State*, 894 S.W.2d 390, 392 (Tex. App.—Dallas 1994, no pet.) (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)).

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. In most instances, a silent record that provides no explanation for counsel's actions or inactions will not overcome the strong presumption of reasonable assistance. *Id.* at 814.

Only when the record clearly confirms that no reasonable trial counsel could have made such trial decisions is it not speculation to hold counsel ineffective. *See Weeks*, 894 S.W.2d at 392. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 813.

Appellant did not file a motion for new trial or otherwise seek to develop a record regarding her trial counsel's decisions at the revocation hearing, and thus the record is "silent" and appellant must overcome a strong presumption of reasonable assistance. *See id.* Nonetheless, appellant argues that there is no logical explanation or strategy for advising her to plead "true" to failing to successfully complete the SAFPF program when that condition of her probation was improperly added to her community supervision requirements for the lack of a hearing prior to the decision. Appellant relies on article 42A.752 of the code of criminal procedure, which permits, after a hearing, a trial court's modification of community supervision after determining the defendant violated a condition of community supervision. *See* TEX. CODE CRIM. PROC. art. 42A.752(a). The State responds that trial counsel did not err

because the trial court was not required to conduct a hearing as the record reflects the trial court modified appellant's community supervision after a meeting with the probation officer, trial court and appellant to determine how to proceed after appellant requested inpatient treatment but the other options had failed. *See id.* art. 42A.051(b) ("The judge of the court having jurisdiction of the case may, at any time during the period of community supervision, modify the conditions of community supervision.").

The record of the hearing on the State's motion to revoke contains the testimony of appellant's probation officer. According to the probation officer, in September of 2020, appellant had requested to be admitted to inpatient drug treatment and was admitted to one program, which she then left against medical advice. The probation officer testified that instead of filing a motion to revoke based on that potential violation of appellant's community supervision, she instead requested a hearing with the trial court to determine how best to address appellant's substance abuse and mental health issues. Supporting her testimony, the docket contains an entry reflecting the trial court spoke with the probation officer and that appellant failed to appear.

We agree with the State that the record does not support a conclusion the trial court improperly modified appellant's community supervision or that counsel was deficient for failing to so urge. The record indicates the trial court modified appellant's community supervision terms without determining that she had violated

the previous terms, such that no hearing was required. *Compare* CODE CRIM. PROC. art. 42A.752(a) *with id.* art. 42A.051(b)). Therefore, we conclude appellant has failed to show any deficient performance of her trial counsel on this record. *See Strickland*, 466 U.S. at 688. Accordingly, we overrule appellant's sole issue.

### APPELLANT'S PRO SE MOTION TO DISMISS

After counsel filed a brief on appellant's behalf and prior to submission of this appeal, appellant filed a pro se motion to dismiss her appeal without prejudice. We deny this motion as appellant has no right to hybrid representation. *See, e.g.*, *Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006) (refusing to address issues argued in pro se brief filed after appellant's counsel filed a brief on appellant's behalf).

### CONCLUSION

We affirm the trial court's judgment.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47
210709F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALEXANDRIA BILBREY,
Appellant

No. 05-21-00709-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-80928-
2018.
Opinion delivered by Justice
Schenck. Justices Osborne and Smith
participating.


Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 27th day of June, 2022.