Opinion issued February 24, 2011. 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00055-CR &

NO. 01-10-00056-CR

———————————

Stephen Lawrence Anderson, Appellant

V.

The State of
TEXAS, Appellee



 



 

On Appeal from the 248th District Court

Harris County, Texas



Trial Court Case No. 1189605 & No. 1189606

 



 

MEMORANDUM OPINION

          Stephen
Lawrence Anderson pleaded guilty to the first degree felony offenses of
delivery of more than 400 grams of cocaine and aggravated assault of a public
servant with a deadly weapon, without an agreed punishment from the State.  See Tex. Health
& Safety Code Ann.
§ 481.112(f) (West 2010); Tex. Penal
Code Ann. §§ 22.01(a)(2), 22.02(b)(2)(B) (West 2003).  Following a pre-sentence investigation (“PSI”) hearing, the
trial court sentenced him to twenty-eight years’ confinement.  Anderson filed a motion for new trial, and
the trial court denied his motion.  On
appeal, Anderson contends that the trial court abused its discretion in denying
his motion because his plea of guilty was involuntary and he received
ineffective assistance of counsel.  We
conclude that Anderson has not shown a basis for withdrawing his plea, nor that
his counsel was ineffective.  We
therefore affirm.  

Background

          In
October 2008, Anderson delivered one kilogram of cocaine to a confidential
informant while in the parking lot of a car wash.  Houston police officers and other law
enforcement officials observed the delivery. 
After the delivery, Anderson drove his H2 Hummer to a nearby bank, where
the informant intended to withdraw money to pay for the cocaine.  After Anderson entered the bank’s parking
lot, four police cars surrounded the Hummer. 
With their weapons drawn, the officers commanded Anderson to place his
Hummer in park and exit it.  Instead, Anderson
reversed the Hummer and slammed it into a police car.  A DEA agent sat in that car.  Anderson slammed his Hummer into this vehicle
several more times, and he escaped the parking lot.  The police pursed Anderson, who drove
erratically and at a high rate of speed. 
Anderson eventually crashed his Hummer into a bridge.  Shortly thereafter, officers arrested him.  

          Anderson filed a motion for new trial
after he pleaded guilty, alleging that his defense counsel provided him
ineffective assistance, which rendered his plea involuntary.[1]  Both Anderson and his defense counsel
testified at a hearing on the motion. 
Anderson stated that his defense counsel neither contacted witnesses nor
investigated his case.  He said defense
counsel ordered him to plead guilty and told him that he would receive a more
lenient sentence or probation from the trial court.  According to Anderson, his counsel also
promised his family that he would receive probation.  Anderson said that defense counsel did not
explain his right to appeal.  But he admitted that defense counsel had told
him that the trial court could consider the entire range of punishment in
sentencing him.  He also admitted that
defense counsel told him that he had a right to a jury trial, and that defense
counsel had set the case for trial before Anderson entered his plea.  

          In
contrast, defense counsel testified that he never promised Anderson that he
would receive probation or a lenient sentence if he pleaded guilty to the
charges against him.  He explained the
potential consequences of an open plea to Anderson, and he told him that the trial
court had the entire range of punishment to consider in sentencing him.  According to defense counsel, Anderson chose
to plead guilty because he would be ineligible for deferred adjudication if a
jury convicted him.  Anderson agreed with
counsel’s strategy of submitting letters from character witnesses in lieu of
live testimony at the PSI hearing so that the State did not have the opportunity
to cross-examine these witnesses.  Also,
at the hearing, the State introduced a written statement Anderson signed before
he pleaded guilty.   In it, Anderson
states: 

After a full discussion of all of my options with my two
felony cases, I have decided to plead guilty to both of my felony cases, to a
presentence investigation and allow the Judge to punish me on both of my felony
cases. 

 

The trial court denied Anderson’s
motion for new trial. 

Discussion 

Standard of Review 

          An appellate
court reviews a trial court’s ruling on a motion for new trial an abuse of discretion.  Webb v.
State, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007).  We view the evidence in the light most
favorable to the trial court’s ruling and uphold the ruling if it was within
the zone of reasonable disagreement.  Wead
v. State, 129 S.W.3d 126,
129 (Tex. Crim. App. 2004).  We do not
substitute our judgment for that of the trial court, but rather we decide
whether the trial court’s decision was arbitrary or unreasonable.  Webb,
232 S.W.3d at 112.  Thus, a trial court
abuses its discretion in denying a motion for new trial only when no reasonable
view of the record could support the trial court’s ruling.  Charles v. State, 146 S.W.3d 204, 208
(Tex. Crim. App. 2004).  An appellate
court “must view the evidence in the light most favorable to the trial court's
ruling and presume that all reasonable factual findings that could have been
made against the losing party were made against that losing party.”  Id.


Voluntariness of Guilty Plea    

          Anderson
asserts his plea was involuntary because he entered it based on false and
misleading statements by his defense counsel. 
According to Anderson, his defense counsel improperly advised him about
the consequences of an open plea of guilty. 
Counsel allegedly promised Anderson that he would receive probation or a
more lenient sentence if he pleaded guilty without an agreed recommendation
from the State.  Also, Anderson claims
that his defense counsel coerced his plea by telling him that a trial was not
an option for him.

          In assessing the voluntariness of a
plea, we review the record as a whole and consider the totality of the
circumstances.  Griffin v. State, 703 S.W.2d 193, 195 (Tex. Crim. App.
1986) (en banc); Lee v. State,
39 S.W.3d 373, 375 (Tex. App.—Houston [1st Dist.] 2001, no pet.); Edwards v.
State, 921 S.W.2d 477, 479
(Tex. App.—Houston [1st Dist.] 1996, no pet.).  A trial court may accept a guilty plea only if
the defendant enters it freely and voluntarily.  Tex.
Code Crim. Proc. Ann. art. 26.13(b) (West Supp. 2010).

          A record indicating that the trial
court properly admonished the defendant presents a prima facie showing that the
guilty plea was made voluntarily and knowingly.  Starz v. State, 309 S.W.3d 110, 117 (Tex. App.—Houston [1st Dist.] 2009, pet.
ref’d) (citing Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (en banc)).  If the record presents such a showing, then
the burden shifts to the defendant to show that he entered the plea without
understanding the consequences.  Id.
 An accused who attests that he
understands the nature of his guilty plea and that it is voluntary has a heavy
burden on appeal to show that his plea was involuntary.  Id.; Dusenberry v. State, 915 S.W.2d 947, 949 (Tex. App.—Houston
[1st Dist.] 1996, pet. ref’d).  A guilty
plea based on erroneous information conveyed by trial counsel to the defendant
is involuntary.  Labib v. State, 239 S.W.3d 322, 333 (Tex. App.—Houston
[1st Dist.] 2007, no pet.); Fimberg v. State, 922 S.W.2d 205, 207 (Tex.
App.—Houston [1st Dist.] 1996, pet. ref’d).  However, a trial court may reject the
defendant’s uncorroborated testimony that he was misinformed by counsel.  Starz, 309 S.W.3d at 117; Fimberg, 922 S.W.2d at 208.

          Here, defense counsel told Anderson that
he had a right to a jury trial.  He, in
fact, had requested that the court set the case for trial before Anderson
entered his plea.  Defense counsel maintained
that he did not promise Anderson he would receive probation or a lenient
sentence if he pleaded guilty to the charges. 
He testified instead that he explained an open plea to Anderson and told
him that the trial court had the entire range of punishment to consider in
sentencing him.  In his view, Anderson
chose to plead guilty because he wished to receive deferred adjudication.  Anderson’s own testimony and written
statement establish that defense counsel did not coerce him into pleading
guilty, and that he understood the consequences of his plea.  We hold that the trial court did not abuse
its discretion in finding that his plea was voluntary.   

Ineffective Assistance of Counsel 

          Anderson further contends that defense
counsel was ineffective because he failed to present mitigating evidence at the
PSI hearing that after the commission of the offense, Anderson crashed his
vehicle into a bridge and may have suffered cognitive injuries as a result.  Specifically, Anderson claims that defense
counsel failed to obtain the assistance of a physician, psychiatrist, or other
mental health expert and offer evidence of his injuries at the PSI hearing.  According to Anderson, had defense counsel
presented this evidence, the trial court would have given him a more lenient
punishment.   

          To
prevail on a claim of ineffective assistance of counsel, the appellant must
show: (1) counsel’s performance was deficient and (2) this deficiency was so
prejudicial that it rendered the trial unfair.     Strickland
v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984).  The
first prong of the Strickland standard requires the appellant to show
that counsel’s performance fell below an objective standard of reasonableness.     Id. at 687–88, 104 S. Ct. at 2064.  Under the second prong, the appellant must
demonstrate prejudice by “show [ing] that there is a reasonable probability
that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different.”  Id.
at 694, 104 S. Ct. at 2068.  It is not
enough for the appellant to show that the errors had some conceivable effect on
the outcome. Id. at 693, 104 S. Ct. at 2067.

          Failure
to make the required showing of either prong defeats the ineffective assistance
claim.  Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App.
2003).  Appellant
bears the burden of proving by a preponderance of the evidence that counsel was
ineffective.  Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).
 “There is a strong presumption that
counsel’s conduct falls within the wide range of reasonable professional
assistance[.]”  Andrews v. State,
159 S.W.3d 98, 101 (Tex. Crim. App. 2005);
see also Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.  Appellant must overcome the presumption that
counsel’s action or inaction might be considered “sound trial strategy” under
the circumstances. Weaver v. State,
265 S.W.3d 523, 538 (Tex. App.—Houston [1st Dist.] 2008, pet. ref’d) (citing Strickland, 466 U.S. at 689, 104 S. Ct. at
2065)).  Any allegation of ineffectiveness
must be firmly founded in the record, which must affirmatively demonstrate the
alleged ineffectiveness.  Id.
(citing Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

          Generally,
the record on direct appeal is undeveloped, and a silent record that provides
no explanation for counsel’s actions will not overcome the strong presumption
of reasonable assistance.  Id.
(citing Rylander, 101
S.W.3d at 110–11). We may not speculate to find trial counsel ineffective if
the record is silent regarding counsel’s reasoning or strategy.  Id.
(citing Gamble v. State,
916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.)).  Nevertheless, it is not speculation to hold
counsel ineffective if a silent record clearly indicates that no reasonable
attorney could have made such trial decisions.  Id. (citing Weeks v. State, 894 S.W.2d 390, 392 (Tex. App.—Dallas
1994, no pet.)).  Therefore, in rare
cases, the record can be sufficient to prove that counsel’s performance was
deficient, despite the absence of affirmative evidence of counsel’s reasoning
or strategy.  Id. (citing Robinson
v. State, 16 S.W.3d 808,
813 n. 7 (Tex. Crim. App. 2000)).

          When
the claim of ineffective assistance is based on counsel’s failure to call
witnesses, the appellant must show that such witnesses were available to
testify and that appellant would have benefitted from their testimony.  Ex parte White, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (citing King v.
State, 649 S.W.2d 42, 44
(Tex. Crim. App. 1983). 

           Here, although Anderson moved for new trial,
he did not allege in his written motion or at the hearing that defense counsel
was ineffective for failing to seek the assistance of a medical expert and
offering evidence of his alleged cognitive injuries.  The record here thus is silent as to defense
counsel’s assessment of the need for such assistance and, if he assessed it was
needed, why he did not offer the evidence of any cognitive injuries at the PSI
hearing.  On the silent record, it is
just as likely that defense counsel evaluated these matters and concluded that
they would not support a reduction in Anderson’s sentence.  There is no “specific, objective evidence in
the record” of Anderson’s injuries.  See Stafford v. State, 101 S.W.3d 611,
613 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d) (distinguishing
defendant’s unsupported claims of mental illness from cases involving objective
documentation).  Anderson represented in
his written guilty plea that he was mentally competent, and according to the PSI,
he stated he was in good physical health. 
We cannot conclude that the record before us indicates that Anderson’s
defense counsel made unreasonable decisions on this issue.  See
Weaver, 265 S.W.3d at 538 (citing Weeks,
894 S.W.2d at 392).  

          Finally, Anderson claims that defense
counsel was ineffective because he did not explain to him his right to appeal
his sentence.  As noted above, defense
counsel explained an open plea to Anderson, and Anderson stated in a written
statement that he decided to plead guilty after a full discussion of his
options with defense counsel.   On the
day he entered his plea, Anderson signed a document certifying his right to
appeal, in which he stated that he had been informed of his rights concerning
any appeal of his case.  Indeed, Anderson
has exercised that right.  Thus, Anderson
understood the consequences of his plea, including his right of appeal.  We hold that Anderson has not demonstrated
that he was denied effective assistance of counsel.    

Conclusion

          We
conclude that Anderson has not shown either a basis for a withdrawal of his
guilty plea or that his counsel was ineffective.  We therefore affirm the judgment of the trial
court.  

 

 

                                                                   Jane Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
In his written motion, Anderson argued
that his plea was involuntary for the following reasons: (1) defense counsel
told him that he had no choice but to plead guilty; (2) defense counsel was
personally abusive and would not cooperate with him in preparing a defense to
the charges; (3) defense counsel did not inform him of the consequences of
entering an open plea of guilty; (4) defense counsel allowed him neither to
testify at the PSI hearing nor to call witnesses in his defense, and (5)
defense counsel delegated some of the PSI hearing to his associate without
Anderson’s consent.