# Nos. PD-0490 AND 0491-15

In the
Supreme Court of Texas

JOE POLANCO, Petitioner

vs.

THE STATE OF TEXAS, Respondent

On Appeal from the Court of Appeals Nos. 05-14-00212-CR and 05-14-00213-CR
Trial Court Cause Nos. 401-81063-2011, 401-80435-2012

# PETITION FOR REVIEW

Joe Polanco, *pro se*
2309 Coolmist Creek
Little Elm, Texas 75069
Telephone: (972) 404-6818

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 28 2015

Abel Acosta, Clerk

# IDENTITY OF THE PARTIES AND COUNSEL

1. Trial Judge: Honorable Mark Rusch presided over Cause Nos. 401-81063-2011 and 401-80435-2012, 401ˢᵗ District Court, Collin County, 2100 Bloomdale Road, McKinney, Texas 75071.

2. Petitioner: Joe Polanco, 1501 Jabbet, Plano, Texas 75025.

3. Counsel for Petitioner:

   A. Micah Belden, 100 N. Travis Street #404, Sherman, Texas 75090.

   B. The Petitioner is *pro se* for appeal.

4. Counsel for the Respondent, State of Texas:

   A. The Respondent was represented by Assistant District Attorney, Greg Willis, Collin County District Attorney's Office at the trial court level.

   B. The Respondent is represented on appeal by and through Assistant District Attorney, Greg Willis, Collin County District Attorney's Office and John R. Rolater, Collin County District Attorney.

# **TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL.........................................................................................i

TABLE OF CONTENTS................................................................................................................ii

INDEX OF AUTHORITIES..........................................................................................................iii

STATEMENT OF THE CASE.........................................................................................................1

STATEMENT OF JURISDICTION................................................................................................1

ISSUES PRESENTED....................................................................................................................1

      Issue 1: Negligence ruling......................................................................................................1

      Issue 2: Allowed Respondent to file their brief untimely.......................................................2

STATEMENT OF FACTS........................................................................................................2,3,4

SUMMARY OF THE ARGUMENT...............................................................................................4

ARGUMENT..........................................................................................................................4,5,6

PRAYER..........................................................................................................................................7

CERTIFICATE OF SERVICE........................................................................................................7

APPENDIX.....................................................................................................................................7

# INDEX OF AUTHORITIES

## CASES

*Ex parte Briggs,* 187 S.W.3d 458 (Tex.Crim.App. 2005)............................................................4

*Hernandez vs. State,* 726 S.W.2d 53 (Tex. Crim. App. 1986).......................................................6

*Jackson v. State,* 877 S.W.2d 770 (Tex. Crim. App. 1994).......................................................5,6

*Robinson v. State,* 16 S.W.3d 808 (Tex. Crim. App. 200)...........................................................5

*Strickland v. Washington,* 466 U.S. 668(1984)........................................................................5,6

*Vasquez v. State,* 830 S.W.2d 948 (Tex. Crim. App. 1992).........................................................6

*Weeks v. State,* 894 S.W.2d 390 (Tex. App. Dallas 1994)...........................................................6

*Ybarra v. State,* 629 S.W.2d 943 (Tex. Crim. App.1982)............................................................6

## CONSTITUTIONAL PROVISIONS

Texas Const. Art 1, Section 10....................................................................................................5

U.S.C.A Const. Amend 6.............................................................................................................5

## STATEMENT OF THE CASE

Petitioner was charged by indictment with Assault Causing Bodily Injury and Insurance Fraud between $1500.00 and $20,000.00 bearing case numbers: 401-81063-2011 and 401-80435-2012 which was pending in the 401st District Court in Collin County, with the Honorable Mark Rusch. On February 6, 2014, Petitioner entered an amended "true" plea in Cause No. 401-81063-2011, and an amended "true" plea in Cause No. 401-80435-2012. Respondent was ordered to serve a two year sentence in the state county jail for both cases to run concurrently. (CR 51,57). Respondent timely filed a Motion for New Trial on February 25, 2014 in both cause numbers. (CR 63).

This case was presented to the Fifth District of Texas in Dallas in the Court of Appeals. The Petitioner was Joe Polanco, and the Respondent was the State of Texas. Justice Robert M. Fillmore was the author of the Memorandum Opinion. The Court of Appeals affirmed the trial court's judgments. A Motion for Rehearing was submitted, and denied.

## STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to Section 22.001(a)(6) of the Texas Government Code.

## ISSUE PRESENTED

### Issue 1: Negligence ruling

The court of appeals erred in affirming the trial court's judgments because Petitioner believes that had he been afforded the opportunity for oral argument, the court of appeals would have had the opportunity to listen to Petitioner' argument as to why he believes he had ineffective counsel. The State in their brief indicated that Petitioner did not initially request oral argument. Petitioner filed Motion for Oral Argument and it was denied.

-1-

## Issue 2: Allowed Respondent to file their brief untimely

Further, the court of appeals erred in allowing the Respondent to submit an untimely brief on January 28, 2015. Petitioner believes that the court was prejudice in allowing the Respondent to submit an untimely brief yet Petitioner was required to submit his brief in a timely manner. Granted that Petitioner did seek an extension of time to file his brief which was granted, but the brief was filed on time.

## STATEMENT OF FACTS

The court of appeals correctly stated the nature of this case which are two criminal cases brought through the appeal process by Petitioner for relief of a reversal/trial.

I was incarcerated on a probation violation on 21 January 2014. I was jailed with no bond, the Honorable Mark Rusch ordered a speedy trial to dispose of my case. At the time of my arrest, I was represented by Attorney Andrew Peveto. Due to his lack of communication and accountability, he was fired.

Due to the fact that I was caught between a hard place and a rock(incarceration), as well as time constraints, my fiancée, Davna Powell met and hired Micah Belden based on the fact that he was an accredited attorney. He agreed to represent me for $3000.00

I appeared for trial on 06 February 2014. (CR 51,57). Prior to entering the courtroom I met with Micah Belden at which time he advised, "you need to look at this from a business standpoint, if you make the state prove their case, the judge will throw the book at you, but if you plead true, I don't see him giving you more than a year, which is exactly what the state's offering." I was not at all comfortable with pleading true to any of the accusations. My attorney didn't contact my probation officer to verify my story, therefore, we were not at all prepared to

-2-

fight for justice. Whether we were ready for trial or not, the proceedings were going to take place.

I pled true as per Micah Belden, and the proceedings for sentencing followed immediately. At this time, Mr. Belden's lack of professionalism, preparation, and knowledge of the case at hand came to light. Mr. Belden's examination of key witnesses on my behalf proved to be a farce. The fact that I was an alcoholic, which led to my probation violation was never introduced, therefore, the Honorable Mark Rusch weighed absolutely nothing to impose the maximum sentence of two(2) years state jail. (CR 51, 57).

To further insult Mr. Belden's character as well as his intellectual knowledge, we immediately appealed the Honorable Mark Rusch's sentence, and appeal bond was set at $1,500.00 and $40,000.00. Mr. Belden was ordered to draw up the paperwork for the Honorable Mark Rusch's signature. Mr. Belden prepared the appeal documents for $10,000.00 and $40,000.00 costing me an additional $850.00. (CR 63, 65).

The Honorable Mark Rusch emphasized how important it was to have an attorney to fight on my behalf, fight for justice. Mr. Belden has proven his lack of knowledge in respect to the judicial system. His ill advise has proven to be fatal to my career as well as my relationship with my young daughter. An injustice has prevailed, incompetence has proven to be the difference once again. Attorneys of this magnitude have absolutely no ethical values of which the judicial system was originally founded upon.

Petitioner believes that his Counsel did not take the sufficient time to investigate the charges and fully prepare for this matter. Therefore, Petitioner should be allowed to either have a trial in this matter, or the sentences reversed.

On appeal, the Fifth District of Texas at Dallas Court of Appeals affirmed the decision of the trial judge in a published Memorandum Opinion dated February 25, 2015. The court of

-3-

appeals concluded that Petitioner did not show that counsel's representation fell below the objective standard of reasonableness and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's errors.

## SUMMARY OF THE ARGUMENT

The court of appeals committed error when it affirmed the trial court's judgments in favor of Respondent/Defendant. Petitioner believes that he has sufficient evidence to prove that his attorney of record in the trial court failed to prepare adequately and sufficiently. The court should grant review so that investigation of Petitioner's issue of ineffective counsel can be afforded and the court be given the opportunity to reverse the trial court's judgments.

Had the attorney of record prepared and investigated the charges against Petitioner, the outcome of the case would have been in favor of Petitioner. Counsel's performance was woefully deficient. Consequently, Petitioner Polanco should be afforded a reversal/new hearing/trial.

## ARGUMENT

**I. This Court should grant review to correct the trial court's erroneous judgment as the Petitioner had ineffective counsel and had not investigated or prepared for the final disposition on Petitioner's behalf.**

An attorney engages in ineffective assistance of counsel wherein counsel's performance was deficient, and that due to that deficiency, the matter was pursued with prejudice to the defense. (CR 57). *Ex parte Briggs*, 187 S.W.3d 458, 466 (Tex. Crim. App. 2005). Mr. Polanco's counsel was woefully ineffective in representing Petitioner Polanco's best interests. Petitioner believes that counsel did not fully prepare or investigate the charges against him. Had counsel prepared

-4-

appropriately, Petitioner would have received a positive outcome. (CR 51).

In general, a complaint of ineffective counsel should have been raised by the Petitioner during the plea hearing in order for the matter to qualify for an appeal. (Tex. R. App. P. 33.1(a)). However, in *Robinson vs. State*, 16 S.W.3d 808 (Tex. Crim. App. 2000), the Court of Criminal Appeals held that ineffective assistance of counsel claim can be brought for the first time on direct appeal if the record is sufficient to prove counsel's performance was deficient.

This exception applies if there was no realistic opportunity to raise the issue in the trial or in a motion for new trial, (Id, 812-813). Further, "first", it is unrealistic to expect that the attorney charged with ineffectiveness will subsequently realize all of his mistakes and be able to adequately prosecute the claim. This is especially true in a case like the one at bar, where the errors alleged are acts of omission," *(Id. 812)*.

Article 1, Section 10 of the Constitution of the State of Texas, (Vernon's Ann. Texas Const. Art. 1, § 10), and the Sixth Amendment of the Constitution of the United States, (U.S.C.A. Const. Amend. 6), dictates that a criminal defendant has the right to representation of counsel,

In interpreting what representation of counsel means, the United States Supreme Court held that a person is entitled to effective assistance of counsel and the standard for ineffective assistance of counsel was established in *Strickland vs. Washington*, 466 U.S. 668, 685-691 (1984).

> "The proper standard for determining claims of ineffective assistance under the Sixth Amendment is the standard adopted by *771 the United States Supreme Court in *Strickland*. We adopted the *Strickland* standard in *Hernandez vs. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986). In *Strickland*, the Supreme Court adopted a two-pronged analysis for claims of ineffective assistance. Under the first prong, the defendant must show that counsel's performance was deficient, to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at

-5-

687, 104 S.Ct. at 2064. Under the second prong, the defendant must show that counsel's deficient performance prejudiced the defense. *Id.* To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's failure to investigate defendant's case, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. At 2068," *Jackson vs. State,* 877 S.W.2d 770, 771 (Tex. Crim. App. 1994).

An Appellate Court does not inquire into trial strategy unless no possible basis in trial strategy or tactics exists, *Weeks vs. State,* 894 S.W.2d 390, 391 (Tex.App. -Dallas 1994, no pet.).

"An Petitioner must establish that his counsel's acts or omissions were outside the range of professional competence," *Weeks* at 391 citing *Jackson* at 771. "When a record clearly confirms that no reasonable counsel could have made such trial counsel ineffective is not speculation,"*Weeks* at 392 citing *Vasquez vs. State,* 830 S.W.2d 948, 950-951 (Tex. Crim. App. 1992)(per curium).

"A criminal defense lawyer must have a firm command of the facts of the case as well as governing law before he can render reasonably effective assistance in or out of the courtroom," *Ybarra vs. State,* 629 S.W.2d 943, 946 (Tex. Crim. App. 1982).

## Issue 2:  Fifth Court of Appeals erred in that it allowed the Respondent to provide their brief untimely

Petitioner filed an Amended Opening Brief for the Petitioner on September 17, 2014. The Respondent submitted their brief on January 28, 2015 and it was untimely.

## PRAYER

Petitioner prays that he be granted the relief he is requesting respectively.

Respectfully submitted,

_____

JOE POLANCO
*pro se*
1501 Jabbet
Plano, Texas 75025
Telephone: (972) 404-6818

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Greg Willis, Collin County District Attorney, 2100 Bloomdale Road, Suite 20004, McKinney, Texas 75071-8313 this ____ day of August, 201.

_____

JOE POLANCO
*pro se*

## APPENDIX

1. A copy of the Judgment on the insurance fraud case;

2. A copy of the Judgment on the Assault Bodily Injury, A lesser included;

3. Judgment from the 5th District Court of Appeals in Cause No. 05-14-00212-CR;

4. Judgment from the 5th District Court of Appeals in Cause No. 05-14-00213-CR; and

5. Memorandum Opinion from the 5th District Court of Appeals.



Case No. 401-80435-2012    Count Single    Incident No./TRN: 9161975338 TRS: A001

| The State of Texas | § | In The 401ST Judicial |
| | § | **FILED IN** |
| v. | § | District Court    **5th COURT OF APPEALS** |
| | § | **DALLAS, TEXAS** |
| JOE POLANCO | § | Collin County, Texas 2/21/2014 10:23:44 AM |
| | § | **LISA MATZ** |
| State ID No.: TX06620534 | § | **Clerk** |

## Judgment Revoking Community Supervision

| Judge Presiding: | Hon. MARK J. RUSCH | Date Judgment Entered: | 2/6/2014 |
| --- | --- | --- | --- |
| Attorney for State: | ZEKE FORTENBERRY | Attorney for Defendant: | ANDREW PEVETO |

| Date of Original Community Supervision Order: 8/17/2012 | Statute for Offense: 35.02(c)(4) Penal Code |
| --- | --- |

Offense for which Defendant Convicted:
INSURANCE FRAUD

Date of Offense:
9/6/2011

| Degree of Offense: STATE JAIL FELONY | Plea to Motion to Revoke: TRUE | Findings on Deadly Weapon: N/A |
| --- | --- | --- |

Original Punishment Assessed:
TWO (2) YEARS STATE JAIL DIVISION, TDCJ PROBATED TWO (2) YEARS FINE: $ 500.00

Shock Community Supervision:
N/A        FINE: $ N/A

| Date Sentence Imposed: | 2/6/2014 | Date Sentence to Commence: | 2/6/2014 |
| --- | --- | --- | --- |

| Punishment and Place of Confinement: | TWO (2) YEARS STATE JAIL DIVISION, TDCJ |
| --- | --- |

THE CONFINEMENT ORDERED SHALL RUN CONCURRENTLY.

THE FINE ORDERED SHALL RUN CONCURRENTLY.

| Fine: $ 500.00 | Court Costs: $ 531⁵⁰ | Restitution: $ NA | Restitution Payable to: ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |
| --- | --- | --- | --- |

Is Original Judgment / Sentence Reformed? NO

☐ In accordance with Section 12.44(a) Penal Code, the Court finds that the ends of justice would best be served by punishment as a Class A misdemeanor. Defendant is adjudged to be guilty of a state jail felony and is assessed punishment indicated above.

Sex Offender Registration Requirements do not apply to the Defendant. Tex. Code Crim. Proc. chapter 62 The age of the victim at the time of the offense was N/A .

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. From **3-7-12** to **3-7-12** From **10-8-13** to **10-8-13** From **1-21-14** to **2-6-14** From _____ to _____ From _____ to _____ From _____ to _____ If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. N/A DAYS    NOTES: N/A |
| --- | --- |



All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called in Collin County, Texas. The State appeared by her District Attorney.

Counsel / Waiver of Counsel (select one)
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

The State filed a motion to revoke Defendant's community supervision. After hearing the State's motion, Defendant's plea, the evidence submitted, and reviewing the record, the Court Grants the State's motion. The Court's record indicates that Defendant was previously convicted of a felony offense and punishment was assessed as indicated above. The record indicates the Court ordered imposition of Defendant's sentence of confinement suspended and placed Defendant on community supervision for TWO (2) YEARS.

The Court Finds Defendant has violated the conditions of community supervision as set out in the State's AMENDED Motion to Revoke Community Supervision as follows:
2, 4, 5, 7-14, STATE ABANDONS 1, 3, 6, AS PER ATTACHED MOTION.

Accordingly, the Court Orders the previous orders in this cause suspending imposition of sentence of confinement and placing Defendant on community supervision revoked. (select one of the following)
☒ The Court Orders Defendant punished in accordance with the judgment and sentence originally entered in this cause.
☐ Finding it to be in the interest of justice, the Court Orders Defendant punished in accordance with the reformed judgment and sentence indicated above.

Punishment Options (select one)
☒ Confinement in State Jail or Institutional Division. The Court Orders the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, State Jail Division, TDCJ. The Court Orders Defendant to be confined for the period and in the manner indicated above. The Court Orders Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court Orders that upon release from confinement, Defendant proceed immediately to the Collin County District Clerk. Once there, the Court Orders Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.
☐ County Jail—Confinement / Confinement in Lieu of Payment. The Court Orders Defendant immediately committed to the custody of the Sheriff of Collin County, Texas on the date the sentence is to commence. Defendant shall be confined in the Collin County Jail for the period indicated above. The Court Orders that upon release from confinement, Defendant shall proceed immediately to the Collin County District Clerk. Once there, the Court Orders Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.
☐ Fine Only Payment. The punishment assessed against Defendant is for a fine only. The Court Orders Defendant to proceed immediately to the Office of the Collin County . Once there, the Court Orders Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

The Court Orders Defendant's sentence executed.

The Court Orders that Defendant is given credit noted above on this sentence for the time spent incarcerated.

The Court further Orders Defendant to pay all fines, court costs, and restitution as indicated above.

Following the disposition of this cause, the defendant's fingerprints were, in open court, placed upon a Judgment Certificate of Defendant's Prints. Said Certificate is attached hereto and is incorporated by reference as a part of this Judgment.



Furthermore, the following special findings or orders apply:

Signed on the ___13___ day of _____, 2014.

_____
Judge Presiding

_____
PRINTED NAME
If sitting for Presiding Judge

Clerk:

Cause No. 401-80435-2012

STATE OF TEXAS                                         §          IN THE 401 JUDICIAL

VS.                                                    §
                                                       §          DISTRICT COURT OF
JOE Palmer                                             §
                                                       §          COLLIN COUNTY, TEXAS

### JUDGMENT CERTIFICATE OF DEFENDANT'S PRINTS



Defendant's Right Thumb*                                      Defendant's Hand

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.

DONE IN OPEN COURT ON THIS 4 DAY OF FEBRUARY, 20 14

_____
SUPERVISION OFFICER / BAILIFF / DEPUTY SHERIFF

Indicate here if print other than the defendant's right thumb is placed in box:

☐ Left Thumbprint

☐ Left / Right Index Finger

☐ Other: _____

Revised: 03/27/2012                                          7



| CASE NO. 401-81063-2011 | COUNT Single | INCIDENT NO./TRN: 9161835579 TRS: A001 |
|---|---|---|

| THE STATE OF TEXAS | § | IN THE 401ST JUDICIAL |
|---|---|---|
| | § | |
| V. | § | DISTRICT COURT 5th COURT OF APPEALS DALLAS, TEXAS |
| | § | |
| JOE POLANCO | § | COLLIN COUNTY, TEXAS2014 10:12:54 AM |
| | § | |
| STATE ID NO.: TX06620534 | § | LISA MATZ Clerk |

FILED IN

**JUDGMENT ADJUDICATING GUILT**

| Judge Presiding: | **HON. MARK J. RUSCH** | Date Judgment Entered: | **2/6/2014** |
|---|---|---|---|
| Attorney for State: | **ZEKE FORTENBERRY** | Attorney for Defendant: | **ANDREW PEVETO** |

| Date of Original Community Supervision Order: 1/25/2012 | Statute for Offense: Section 22.01(a)(1) Penal Code |
|---|---|

Offense for which Defendant Convicted:
**ASSAULT BODILY INJURY, A LESSER INCLUDED**

Date of Offense:
**10/13/2010**

| Degree: **CLASS A MISDEMEANOR** | Plea to Motion to Adjudicate: **TRUE** | Findings on Deadly Weapon: **N/A** |
|---|---|---|

Terms of Plea Bargain:
**ADJUDICATE GUILTY, WAIVERS, COURT COSTS, BACK TIME AND ONE (1) YEARS CONFINEMENT IN THE COUNTY JAIL**

| Date Sentence Imposed: | **2/6/2014** | Date Sentence to Commence: | **2/6/2014** |
|---|---|---|---|

| Punishment and Place of Confinement: | **ONE (1) YEARS COUNTY JAIL** |
|---|---|

| Fine: $ NA | Court Costs: $ 652⁵⁰ | Restitution: $ NA | Restitution Payable to: ☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

**THE CONFINEMENT ORDERED SHALL RUN CONCURRENTLY.**

**THE FINE ORDERED SHALL RUN CONCURRENTLY.**

☐ **SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR NA YEARS.**

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62
The age of the victim at the time of the offense was N/A .

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. From 5-17-11 to 5-17-11 From 12-18-12 to 12-18-12 From 12-19-13 to 12-19-13. From 1-21-14 to 2-6-14 From _____ to _____ From _____ to _____. If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. N/A DAYS      NOTES: N/A |
|---|---|

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.



The Court previously deferred adjudication of guilt in this case. Subsequently, the Court heard the matter of Defendant's compliance with and obedience to the terms and conditions of the Court's Order of Deferred Adjudication of Guilt. The State appeared by her District Attorney.

<u>Counsel / Waiver of Counsel (select one)</u>
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

After hearing and considering the evidence presented by both sides, the Court **FINDS THE FOLLOWING**: (1) The Court previously found the Defendant to be qualified for community supervision; (2) The Court **DEFERRED** further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on community supervision for a period of **TWO (2) YEARS**;
(4) The Court assessed a fine of **$ 750.00**; (5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's **AMENDED** Motion to Adjudicate Guilt as follows:
<u>2, 4, 5, 7-10, STATE ABANDONS PARAGRAPHS 1, 3, 6, AS PER ATTACHED PETITION TO ADJUDICATE</u>

Accordingly, the Court **GRANTS** the State's Motion to Adjudicate the Defendant's Guilt in the above cause. **FINDING** the Defendant committed the offense on the date as noted above, the Court **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the offense. The Court **FINDS** the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

<u>Punishment Options (select one)</u>
☐ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, State Jail Division, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the <u>Collin County District Clerk</u>. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.
☒ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of <u>Collin County, Texas</u> on the date the sentence is to commence. Defendant shall be confined in the <u>Collin County Jail</u> for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the <u>Collin County District Clerk</u>. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.
☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **ORDERS** Defendant to proceed immediately to the Office of the <u>Collin County District Clerk</u>. Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

<u>Execution / Suspension of Sentence (select one)</u>
☒ The Court **ORDERS** Defendant's sentence **EXECUTED.**
☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED.** The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

Following the disposition of this cause, the defendant's fingerprints were, in open court, placed upon a Judgment Certificate of Defendant's Prints. Said Certificate is attached hereto and is incorporated by reference as a part of this Judgment.



**Furthermore, the following special findings or orders apply:**

Signed on the 13 day of _____, 2014.

_____
Judge Presiding

_____
PRINTED NAME
If sitting for Presiding Judge

Clerk:

Cause No. 401-81063-2011

STATE OF TEXAS

VS.

JOE POWNCE

§
§
§
§
§
§

IN THE 401 JUDICIAL

DISTRICT COURT OF

COLLIN COUNTY, TEXAS

## JUDGMENT CERTIFICATE OF DEFENDANT'S PRINTS





Defendant's Right Thumb*                    Defendant's Hand

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.

DONE IN OPEN COURT ON THIS 6 DAY OF FEBRUARY, 2014

_____
SUPERVISION OFFICER/ BAILIFF / DEPUTY SHERIFF

Indicate here if print other than the defendant's right thumb is placed in box:

☐ Left Thumbprint

☐ Left / Right Index Finger

☐ Other: _____

Revised: 03/27/2012                    7



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOE POLANCO, Appellant

No. 05-14-00212-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 401st Judicial District
Court of Collin County, Texas (Tr.Ct.No.
401-81063-2011).
Opinion delivered by Justice Fillmore,
Justices Bridges and Brown participating.


Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is
**AFFIRMED**.


Judgment entered February 25, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOE POLANCO, Appellant

No. 05-14-00213-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the 401st Judicial District
Court of Collin County, Texas (Tr.Ct.No.
401-80435-2012).
Opinion delivered by Justice Fillmore,
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered February 25, 2015.



In The
# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-14-00212-CR
No. 05-14-00213-CR

JOE POLANCO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court
Collin County, Texas
Trial Court Cause Nos. 401-81063-2011, 401-80435-2012

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Fillmore

Joe Polanco appeals from his convictions for assault and insurance fraud. In a single issue, Polanco contends he received ineffective assistance of counsel. We affirm the trial court's judgments.

In cause no. 05-14-00212-CR, Polanco was indicted for aggravated assault with a deadly weapon. Polanco waived a jury and pleaded guilty to the lesser-included offense of assault causing bodily injury. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2014). Pursuant to a plea agreement, the trial court deferred adjudicating guilt, placed Polanco on community supervision for two years, and assessed a $750 fine.

In cause no. 05-14-00213-CR, Polanco waived a jury and pleaded guilty to insurance fraud. *See* TEX. PENAL CODE ANN. § 35.02(a), (c)(4) (West 2011). Pursuant to a plea agreement, the trial court assessed punishment at two years' confinement in state jail, probated for two years, and a $500 fine.

The State later filed a petition to adjudicate and a motion to revoke, alleging Polanco violated fourteen conditions of his community supervision. In a hearing on the motions, the State abandoned three of the allegations, and Polanco pleaded true to the remaining eleven allegations. The trial court found the allegations true, adjudicated Polanco guilty of assault, and revoked Polanco's community supervision in the insurance fraud case. The trial court assessed punishment at one year's confinement in the county jail on the assault conviction and two years' confinement in state jail on the insurance fraud conviction.

Polanco contends he did not receive effective assistance of counsel at the adjudication/revocation hearing because counsel failed to investigate the charges against him, and counsel failed to fully prepare for the hearing. Polanco asserts that had counsel prepared appropriately, he would have received a positive outcome. The State responds that Polanco has offered no evidence that trial counsel was ineffective, nor has Polanco rebutted the presumption of sound trial strategy.

To prevail on a claim of ineffective assistance of counsel, Polanco must show that counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Polanco has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813

(Tex. Crim. App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffective assistance claim. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

An ineffective assistance claim must be "firmly founded in the record," and the record must affirmatively demonstrate the claim has merit. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 391, 392 (Tex. Crim. App. 2005). In most cases, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Direct appeal is usually an inadequate vehicle for raising an ineffective assistance claim because the record is generally undeveloped. *Menefield*, 363 S.W.3d at 592–93. Counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Id.* at 593.

Although Polanco filed a motion for new trial in each case, he did not assert his counsel had been ineffective. Accordingly, trial counsel did not have an opportunity to explain himself in the trial court and we cannot determine from this record why he conducted Polanco's defense the way he did. *See Menefield*, 363 S.W.3d at 593; *Goodspeed*, 187 S.W.3d at 392. Because there is no evidence in the record concerning trial counsel's actions, Polanco has not overcome the strong presumption of reasonable assistance and has not established trial counsel's conduct was so outrageous that no competent attorney would have engaged in it. *See Rylander*, 101 S.W.3d at 110–11.

Further, on this record, Polanco has failed to establish he was prejudiced by the alleged error. Trial counsel called two witnesses to testify on Polanco's behalf, and during his closing arguments, counsel advocated that the trial court allow Polanco to start his probationary period over. Nothing in the record supports Polanco's position that counsel did not prepare for the

adjudication/revocation hearing. We conclude Polanco has not met his burden of proving by a preponderance of the evidence that counsel was ineffective. *See Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813. We overrule Polanco's sole issue.

We affirm the trial court's judgments.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140212F.U05

-4-