**AFFIRMED and Opinion Filed October 6, 2021**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00934-CR

**CHRISTOPHER JUSTIN SCARBOROUGH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-82799-2019**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Goldstein

The jury convicted Christopher Justin Scarborough of assault against a police officer, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b-2). The trial court assessed punishment at three years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In his sole issue on direct appeal, Scarborough argues he was denied his constitutional right to effective assistance of counsel. We affirm the trial court's judgment.

## BACKGROUND

On June 28, 2018, Plano police officer Robert Cassone initiated a traffic stop of Scarborough's car for an improperly affixed paper license plate in a reputed high

narcotic and prostitution area. During the traffic stop, Officer Cassone observed multiple live pistol rounds in plain sight. Scarborough denied having a firearm in his possession but admitted to having a knife. Officer Cassone directed Scarborough to exit the car, removed Scarborough's knife, placed it on the roof of the car, and asked Scarborough for consent to a search of the car.[1] Scarborough declined to give consent, and Officer Cassone called for a backup police officer as well as a K-9 unit. When Officer Cassone advised Scarborough that the K-9 unit was en route, Scarborough informed Officer Cassone that he intended to leave. Officer Cassone then advised Scarborough he was being detained and unable to leave. At this point, an altercation ensued, with Scarborough and Officer Cassone landing on the ground. While the altercation was ongoing, Officer Lederman arrived on the scene and assisted in subduing Scarborough. Both officers had body cams that recorded the altercation, and the videos, along with other unobjected-to evidence, were introduced to the jury.

During the guilt/innocence phase of the trial, all evidence and testimony was presented during the State's case in chief, subject to direct, cross, re-direct and re-cross examination. The defense rested without introducing evidence or calling

---

[1] In addition to being concerned about the presence of a firearm, Officer Cassone testified he suspected Scarborough might be under the influence of narcotics and have them in the car. He testified that his suspicion was based on: (1) Scarborough moving around in the car and reaching under the seat as Officer Cassone approached; (2) Scarborough lowering his window only slightly, which usually indicates an intent to disguise the smell of drugs; (3) Scarborough explaining that he had just been at a vape shop on his way home from work, despite other answers indicating he was thirty minutes out of the way and Officer Cassone's knowledge that there were numerous vape shops near Scarborough's home and work; and (4) Officer Cassone's experience that the area was well known for drug trafficking.

witnesses. The jury found Scarborough guilty. The court received evidence during the punishment phase, including Scarborough's testimony, and assessed punishment. This appeal followed.

**DISCUSSION**

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). In his sole issue Scarborough asserts his trial counsel was constitutionally ineffective under the principles established in *Strickland v. Washington*, 466 U.S. 668 (1984), and *United States v. Cronic*, 466 U.S. 648 (1984). To successfully assert a claim under *Strickland*, Scarborough must show by a preponderance of the evidence both that his counsel's representation fell below an objective standard of reasonableness and that he suffered prejudice as a result. *Strickland*, 466 U.S. at 687; *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). To demonstrate such prejudice, Scarborough must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Perez*, 310 S.W.3d at 893.

Ineffective assistance can be presumed prejudicial under *Cronic* where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Cronic*, 466 U.S. at 659. For this presumption to apply, counsel's failure to test the prosecution's case must be complete. *Id.* This exception "is epitomized by

the 'inert' or 'potted plant' lawyer who, although physically and mentally present in the courtroom, fails to provide (or is prevented from providing) any meaningful assistance." *Ex parte McFarland*, 163 S.W.3d 743, 752–53 (Tex. Crim. App. 2005). The difference between the *Cronic* and *Strickland* standards is thus "not of degree, but of kind." *Rubio v State*, 596 S.W.3d 410, 428 (Tex. App—Dallas 2020, pet. granted) (citing *Bell v. Cone*, 535 U.S. 685, 697 (2002)). In other words, the standards distinguish between shoddy representation and no defense at all. *Id.*

Addressing the *Cronic* standard, Scarborough argues that prejudice may be presumed because his counsel was "virtually inert" and exerted only a "minimal effort" in his defense. Scarborough misconstrues *Cronic*, which requires that counsel's ineffectiveness rise to a level analogous to a complete denial of counsel, not merely virtual inertness or minimal effort. *See Cronic*, 466 U.S. at 659. Here, the record reveals that Scarborough's counsel orally argued and filed a written election of punishment, participated in jury selection, made an opening statement outlining his theory of the case, cross examined State's witnesses, and made appropriate arguments to the jury. Regardless of whether Scarborough's counsel was effective, in each of these pursuits, he was not "inert." *See McFarland*, 163 S.W. 3d at 752. As Scarborough received some meaningful assistance, there was no constructive denial of counsel. *Cronic* does not apply.

As for the *Strickland* claim, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

*Strickland*, 466 U.S. at 689; *Perez*, 310 S.W.3d at 893. If there is no record of trial counsel's explanation for the conduct in question, we "assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). For this reason, a direct appeal—where the record is generally undeveloped on these issues—rarely provides the proper vehicle for asserting a *Strickland* claim, which must be firmly grounded in and affirmatively demonstrated by the record. *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

The record before us is insufficient to fairly evaluate whether either prong could be satisfied. Scarborough complains that his counsel failed to communicate with him before trial, failed to prepare himself or Scarborough for trial, and failed to defend Scarborough's interests during trial. As evidence, Scarborough provides the reporter's record, which consists of the trial transcript, and a hand-written letter Scarborough wrote to the trial court following his conviction.

Scarborough's unsworn hand-written letter to the trial court was filed on August 30, 2019, three weeks after the court entered its judgment of conviction. In the letter, he complained that his trial counsel failed to properly investigate the case, failed to present any evidence in his defense, failed to prepare Scarborough for trial, advised Scarborough to waive his right to a jury trial for the punishment phase, and

declined Scarborough's request to "place [him] in a veteran's court."[2] Incompetent evidence cannot be used to meet the preponderance burden imposed by *Strickland*. *See Weeks v. State*, 894 S.W.2d 390, 392 (Tex. App.—Dallas 1994, no pet.) (concluding that the defendant failed to meet his burden with "competent evidence"). An unsworn letter is not competent evidence and thus cannot sustain a finding of ineffective assistance. *See, e.g.*, *Hughes v. State*, No. 05-99-00846-CR, 2000 WL 134691, at *2 (Tex. App.—Dallas Feb. 7, 2000, pet. ref'd) (mem. op., not designated for publication) (holding that the defendant failed to sustain his burden to prove effectiveness because he had not "identified any specific complaint about his trial counsel's performance other than alluding to a letter he wrote to the trial court"); *Carley v. State*, No. 05-96-00089-CR, 1997 WL 348538, at *2 (Tex. App.—Dallas June 25, 1997, no pet.) (mem. op., not designated for publication) (rejecting defendant's contention that his hand-written letter to the trial court was proof of his counsel's ineffectiveness because the letter "[was] not sworn to and, thus, [could not] be considered evidence"). Accordingly, we do not consider the contents of the letter in our analysis.

Scarborough next points to two exchanges between his counsel and the trial court as evidence of unpreparedness reflected in the record. In the first exchange,

---

[2] Regarding the reference to "veteran's court" we believe, without comment, Scarborough references Collin County's establishment of a statutory "veterans treatment court program," *see* 'TEX. GOV'T CODE ANN. §§ 124.001–.007, that is available to veterans who are "arrested for, charged with, convicted of, or placed on deferred adjudication community supervision for any misdemeanor or felony offense." *See id.* § 124.002(a). Scarborough's appeal does not address this portion of the letter.

which occurred before voir dire, Scarborough's counsel attempted to make an oral election of punishment and request for community supervision in the event Scarborough was found guilty. In the second exchange, which occurred after both parties rested, Scarborough's counsel asked the trial court when the proper time would be to move for directed verdict. The trial court responded that the appropriate time was "after [the State] rested and before [the defense] rested." Scarborough argues that these interactions with the trial court show that his trial counsel was unprepared for trial, rendering the representation constitutionally ineffective. We disagree. The record contains no evidence of counsel's reasoning behind conducting these exchanges. *See Jackson v. State*, 877 S.W.2d 768, 772 (Tex. Crim. App. 1994). Absent such evidence, we cannot conclude that Scarborough has overcome the presumption of reasonable assistance. *See id.*

Nor has Scarborough shown that he was prejudiced as a result of his counsel's apparent lack of familiarity with procedural rules. With respect to the first exchange, the trial court, after a recess, allowed Scarborough to make the motions orally and the State did not object. The clerk's record also indicates that, during the recess, Scarborough's trial counsel filed a typed application for community supervision and a hand-written election for the court to assess punishment. The record shows that the trial court, not the jury, assessed punishment. After a thorough recitation of the evidence, the trial court concluded that confinement was warranted. On this record, we conclude that Scarborough has failed to show a reasonable probability that, but

for counsel's lack of familiarity with the procedural requirements at issue, the outcome of trial would have been different. *See Strickland*, 466 U.S. at 694; *Perez*, 310 S.W.3d at 893.

With respect to the second exchange, Scarborough does not explain how his counsel's lack of familiarity with the timeliness requirements for a motion for directed verdict resulted in prejudice. A motion for a directed verdict is construed as a challenge to the sufficiency of the evidence. *York v. State*, 342 S.W.3d 528, 544 n.93 (Tex. Crim. App. 2011) (citing *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997)). In a criminal trial, it is not necessary to present a motion for a directed verdict in order to challenge the sufficiency of the evidence on appeal. *See Moff v. State*, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004) (citing *Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001)). The fact that a defense attorney "may or could have moved for the directed verdict on the possibility of its being granted does not show that trial counsel's assistance was ineffective." *McGarity v. State*, 5 S.W.3d 223, 229 (Tex. App.—San Antonio 1999, no pet.). Scarborough has not challenged the sufficiency of the evidence in this appeal and thus has not shown that there is a reasonable probability that the result of trial would have been different but for counsel's unfamiliarity with directed verdict practice. *Strickland*, 466 U.S. at 694; *Perez*, 310 S.W.3d at 893.

Scarborough finally complains that his counsel did not adequately represent his interests at trial because he failed to lodge any objections to the State's proffered

evidence, conducted "cursory" and "irrelevant" cross-examinations of the State's witnesses, and failed to put forth any evidence or witnesses in Scarborough's defense. Because the record is silent as to counsel's reasons for these tactical decisions, we cannot conclude that his conduct at trial was constitutionally deficient. *See Jackson*, 877 S.W.2d at 772. Furthermore, Scarborough does not explain how he was prejudiced by these decisions. *Strickland*, 466 U.S. at 694; *Perez*, 310 S.W.3d at 893.

These complaints encapsulate the reasons courts generally wait to decide ineffectiveness issues until after the parties have engaged in the record-creating work that is the subject of habeas. We can imagine strategic motives for avoiding each of these topics in the trial. *See Andrews*, 159 S.W.3d at 101. Because the record does not affirmatively establish both deficient performance and prejudice, we overrule these complaints. *See Strickland*, 466 U.S. at 687; *Perez*, 310 S.W.3d at 892–93.

## CONCLUSION

Scarborough on direct appeal has failed to show that his trial counsel was constitutionally ineffective. Accordingly, we overrule Scarborough's sole issue and affirm the judgment of the trial court.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47.2
190934F.U05

–9–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

CHRISTOPHER JUSTIN
SCARBOROUGH, Appellant

No. 05-19-00934-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-82799-
2019.
Opinion delivered by Justice
Goldstein. Justices Molberg and
Smith participating.


Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 6th day of October 2021.